UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHIRRON GAYLES-ZANDERS,

Plaintiff,

v.

W. RUEBART, et al.,

Defendants.

Case No. 2:25-cv-00830-GMN-EJY

ORDER

## I.    DISCUSSION

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  Plaintiff paid the full filing fee in this matter. (ECF No. 4).  The Court entered a screening order on February 24, 2026. (ECF No. 11).  The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 11, 15).  The parties did not settle at mediation. (ECF No. 20).  This case will proceed onto the normal litigation track.  Plaintiff also filed four injunctive relief motions (ECF Nos. 12, 13, 17, 18), a motion for appointment of counsel (ECF No. 16), and a motion about service (ECF No. 19) which the Court addresses and denies.

### A.    Motions for Injunctive Relief (ECF Nos. 12, 13, 17, 18)

Plaintiff filed two motions to compel the Court to mandate prison personnel from denying her access to the courts (ECF Nos. 12, 13) and two motions to compel the Court to mandate that the prison follow laws for incoming and outgoing legal mail (ECF Nos. 17, 18).  For the denial-of-access-to-the-courts motions, Plaintiff takes issue with Defendant Romero's assertion that the e-filing system was down on March 4, 2026, and that she was unsure if Plaintiff's filing went through. (ECF No. 12 at 5-7).  In the motions for legal mail, Plaintiff asserts that prison officials need to follow their operational procedures for handling legal mail. (ECF No. 17).

1

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies the motions without prejudice. Plaintiff has claims for both denial of access to the courts and legal mail violations proceeding in her SAC. However, it is unclear at the screening stage whether Plaintiff is likely to succeed on the merits of those claims. Additionally, the injunctive relief motions do not demonstrate that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. If the e-filing system was down at the prison on March 4, 2026, there is nothing that the Court can do about that issue. Moreover, the motions do not seek narrowly drawn relief for any specified irreparable harm but instead ask that Defendants follow the law generally.

**B.    Motion for Appointment of Counsel (ECF No. 16)**

Plaintiff filed a motion for appointment of counsel because she lacks knowledge of the law, and her case will require complex discovery. (ECF No. 16).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances'

2

exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In this case, Plaintiff has not identified any exceptional circumstances but instead has identified circumstances common to most inmates. *See, e.g., Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Additionally, as noted earlier in this Order, it is unclear at the screening stage whether Plaintiff is likely to succeed on the merits of her case. As such, the Court does not find exceptional circumstances that warrant the appointment of counsel and denies the motion without prejudice.

### C.      Motion about Service (ECF No. 19)

Plaintiff files a motion to inform the Court that she attempted to serve the Defendants at the prison, but they rejected her attempt. (ECF No. 19).  The Court denies this motion. Because Plaintiff's case is subject to screening under 28 U.S.C. § 1915A, the Court will serve Defendants when it is procedurally applicable.

## II.      CONCLUSION

It is therefore Ordered that the Clerk of Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's second amended complaint (ECF No. 10) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

It is further Ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further Ordered that subject to the findings of the screening order (ECF No. 11), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's

Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further Ordered that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further Ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the second amended complaint (ECF No. 10) within **sixty (60) days** from the date of this order.

It is further Ordered that Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.

4

The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

It is further Ordered that this case is no longer stayed.

It is further Ordered that the motions for injunctive relief (ECF Nos. 12, 13, 17, 18) are denied without prejudice.

It is further Ordered that the motion for appointment of counsel (ECF No. 16) is denied without prejudice.

It is further Ordered that the motion about service (ECF No. 19) is denied.

DATED: May 14, 2026.

Gloria M. Navarro, Judge
United States District Court

5